IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA LASSITER,

    Plaintiff,

v.                                                          No. 17-cv-0850 JCH/SMV

HIDALGO MEDICAL SERVICES and
DAN OTERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Hidalgo Medical Services' Motion to Compel [Doc. 93], filed on April 25, 2018. Plaintiff responded on May 5, 2018. [Doc. 96]. Defendant replied on May 7, 2018. [Doc. 98]. No hearing is necessary because the motion can be decided on the briefs. Having considered the briefing, relevant portions of the record, relevant authorities, and materials submitted for in camera review regarding the proposed testing, and being otherwise fully advised in the premises, the Court finds that Defendant's motion is well-taken and will be GRANTED.

### Background

In this action, Plaintiff sues her former employer, Hidalgo Medical Services ("HMS"), and its Chief Executive Officer, Dan Otero, for sexual harassment and retaliation. Plaintiff was the Chief Operations Officer of HMS. She alleges that Defendant Otero sexually harassed her and ultimately retaliated against her by terminating her employment when she rejected his advances. Plaintiff alleges violation of Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act, among other related claims. *See* [Doc. 1].

Defendant filed the instant motion to compel the production of Plaintiff's day planner, which Plaintiff alleges in her complaint contains contemporaneous notes regarding her allegations of harassment and discrimination. [Doc. 93] at 1. Defendant further moves to compel Plaintiff's response to an interrogatory regarding the chain of custody of the day planner. *Id.* Defendant contends that Plaintiff has placed the authenticity and contemporaneity of the day planner at issue; therefore, the requested materials are relevant and within the scope of discovery. *Id.* at 4–5. Plaintiff objects to the discovery requests. Plaintiff contends that the request for production fails to "specify a reasonable time, place, and manner for the inspection" in violation of Fed. R. Civ. P. 34(b)(1)(B). [Doc. 96] at 2–3. Plaintiff also contends that the request is not relevant and otherwise not proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b). *Id.* at 4–5. Finally, Plaintiff argues Defendant failed to comply with the meet-and-confer requirements of Fed. R. Civ. P. 37 and D.N.M.LR-Civ. 7.1. *Id.* at 6–8.

## **Legal Standards**

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information."). Whether requested discovery is proportional depends on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Pursuant to Fed. R. Civ. P. 34(a)(1), a party may request to "inspect, copy, test, or sample . . . any designated tangible things." Rule 34(b) provides that such a request must: (A) "describe with reasonable particularly each item or category of items to be inspected" and (B) "specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(A)–(B).

## Analysis

The day planner is relevant and discoverable. In her complaint, Plaintiff refers to her own "contemporaneous notes" as showing that she was "offensively hugged and sexually harassed." [Doc. 1] at 2. Likewise, Plaintiff identifies her notes as a potential exhibit in the parties' Joint Status Report and Provisional Discovery Plan. [Doc. 28] at 24. Defendant is entitled to discover the contents of the day planner and to inspect the original to evaluate its authenticity and contemporaneity. Plaintiff's speculation about the potential cost of inspection, *see* [Doc. 96] at 5, does not tip the proportionality scales. For one, as Defendant points out, the costs that Plaintiff identifies are not the costs of production that Plaintiff would be forced to endure. The actual burden of production is minimal. Rather, the costs Plaintiff identifies are costs that *Defendant* may incur in conducting the ink testing and costs that Plaintiff expects it will be forced to incur to rebut Defendant's expert. Those costs do not bear on the proportionality analysis here. Moreover, as Defendant rightly points out, the potential costs that Plaintiff identifies are not altogether out of line with the total amount in controversy, which Plaintiff places in excess of a million dollars in economic damages alone. *See* [Doc. 1] at 3.

Nor are Plaintiff's concerns about the reliability of ink testing reason to deny discovery and inspection. *See* [Doc. 96] at 4–5. To be sure, Plaintiff is free to challenge the admissibility

of such evidence and may otherwise argue the weight of the evidence at trial. However, her argument on this point is no reason to deny the discovery of relevant information at this time. *See* Fed. R. Civ. P. 26 (b)(1) ("Information . . . need not be admissible in evidence to be discoverable."). Plaintiff's objections are without merit.[1]

The Court will therefore order Plaintiff to produce the day planner for inspection by Defendant's expert. Additionally, to the extent it has not already been produced, the Court will order Plaintiff to produce a Bates-stamped copy of the day planner. The Court will also order Plaintiff to submit a supplemental response to Defendant's Interrogatory 1, regarding the chain of custody of the day planner. The Court sets out the following requirements for the inspection of the day planner (the "document"):

1. Plaintiff's counsel must deliver the original document in a sealed envelope to defense counsel no later than **May 31, 2018, at 5:00 p.m.**

2. Once the document is delivered to defense counsel, Defendant is responsible for its safety until it is returned to Plaintiff's counsel. If it is lost or destroyed before it is returned to Plaintiff's counsel, Plaintiff may file a motion for sanctions based on spoliation.[2]

3. Defense counsel may not open the envelope. Counsel must forward the envelope to its expert, as received, for analysis and testing. It must be delivered either by hand or through a commercial delivery service, e.g., FedEx. It may not be placed in the mail.

---

[1] Plaintiff also objects to the discovery request for its failure to specify a reasonable time, place, and manner for inspection of the day planner, as required by Fed. R. Civ. P. 34(b)(1)(B). [Doc. 96] at 2–3. To the extent the request was deficient, any such deficiency is cured by the Court's delivery specifications set out *infra*, and the Court will not deny the motion on those grounds. Nor will the Court exercise its discretion to deny the motion without prejudice for failure to meet and confer.

[2] The purpose of having the Bates-stamped copy is to ensure that a copy will be available for use at trial if the original is lost or destroyed.

4. Defendant's expert must return the document in a sealed envelope to defense counsel as soon as possible, but in any event, no later than **June 20, 2018**.

5. Defense counsel may not open the envelope on its return. Counsel must deliver it to Plaintiff's counsel, either by hand or through a commercial delivery service, no later than **June 25, 2018, at 5:00 p.m.**[3]

6. If Defendant discloses an expert regarding the document's authenticity or contemporaneity with the events described therein, Plaintiff shall be permitted to disclose a rebuttal expert. Plaintiff must disclose her rebuttal expert and produce the expert's report no later than **30 days** from service of Defendant's expert report.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Hidalgo Medical Services' Motion to Compel [Doc. 93] is **GRANTED**. The day planner must be produced for inspection in accordance with the instructions set out above. To the extent Plaintiff has not already provided Defendant with a Bates-stamped copy of the day planner, Plaintiff must do so no later than **May 23, 2018**. Plaintiff must provide a supplemental answer to Interrogatory 1 no later than **May 30, 2018**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5), reasonable expenses are **AWARDED** to Defendant. Defendant must file an affidavit of such expenses, including attorney's fees, no later than **May 23, 2018**. Plaintiff shall have until **June 6, 2018** to file objections to the affidavit.

---

[3] If Defendant's counsel wishes to examine the document personally, Plaintiff's counsel shall produce the document for inspection at Plaintiff's counsel's office no later than **July 2, 2018**. If the parties cannot agree on a mutually convenient date and time, counsel should request an informal telephone conference, and the Court will select a date and time for the inspection.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**