IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA LASSITER,

    Plaintiff,

v.                                                                                                          No. 17-cv-0850 JCH/SMV

HIDALGO MEDICAL SERVICES and
DAN OTERO,

    Defendants.

## ORDER GRANTING DEFENDANT'S MOTION
## FOR EXTENSION OF DEADLINES

THIS MATTER is before the Court on Defendant Hidalgo Medical Services' ("Defendant's") Expedited Motion for Extension of Document Inspection Deadlines [Doc. 110], filed on June 20, 2018. Plaintiff responded on June 21, 2018. [Doc. 112]. The motion will be GRANTED.

On May 16, 2018, the Court ordered Plaintiff to produce her day planner for inspection by Defendant's expert. [Doc. 102]. The Court set out several deadlines and other specific requirements concerning the inspection process. *Id.* at 4–5. Defendant's expert was ordered to return the day planner in a sealed envelope to defense counsel no later than June 20, 2018. *Id.* at 5. Defense counsel was ordered to then deliver the day planner to Plaintiff's counsel, either by hand or through a commercial delivery service, no later than June 25, 2018, at 5:00 p.m. *Id.*

In the instant motion, Defendant requests an extension of these two deadlines. [Doc. 110]. Defendant provides that its counsel received the day planner on May 29, 2018. *Id.* at 2. Defense counsel delivered the day planner to its first expert, a forensic document examiner

in Denver, Colorado, on June 5, 2018. *Id.* Counsel retrieved the day planner and delivered it to its second expert, a microscopist in Eglin, Illinois, the following day. *Id.* The microscopist was originally scheduled to complete his analysis by June 5, 2018. *Id.* He subsequently informed counsel that he needed additional time—"at least until the week of June 18, 2018"—to complete his analysis. *Id.* Accordingly, Defendant requests that its expert be permitted until June 29, 2018, to return the day planner to defense counsel, and that defense counsel be permitted until July 6, 2018, to return the day planner to Plaintiff's counsel. Defendant contends that these new deadlines will not impinge on subsequent discovery deadlines and will not otherwise prejudice Plaintiff. *Id.* at 3.

In response, Plaintiff argues that the motion should be denied for Defendant's failure to comply with Local Rule 7.1(a) and the Court's own mandate that counsel speak at least once in an attempt to resolve a dispute before filing any motion. [Doc. 112]. Plaintiff contends that defense counsel emailed Plaintiff's counsel requesting concurrence less than three hours before filing the motion. *Id* at 1. Plaintiff further contends that counsel spoke by telephone the same day concerning a separate matter, and that defense counsel did not raise the issue of the day planner deadlines. *Id.* Plaintiff does not indicate whether she opposes the extension of time requested by Defendant.

The Court will grant Defendant's motion. It appears to the Court that Defendant has made a good-faith effort to comply with the deadlines imposed by the Court's May 16, 2018 order. It further appears that Plaintiff will not be prejudiced by the extension of time. Moreover, though Plaintiff had the opportunity to indicate in her response whether she opposed the extension of time or would be prejudiced in any way by it, she declined to do so.

Although the Court will grant the motion, the Court acknowledges the issue Plaintiff has raised concerning Defendant's meet-and-confer practices. Local Rule 7.1(a) requires that a moving party "determine whether a motion is opposed," and motions failing to reflect a "good-faith request for concurrence" may be denied without prejudice. At the Rule 16 Scheduling Conference, the Court emphasized this rule and expounded that a cursory email to opposing counsel sent shortly before a motion is filed will not satisfy the meet-and-confer requirement. *See* [Doc. 47] at 2–3. Instead, "the Court requires that counsel actually speak with opposing counsel before filing a motion to compel." *Id.* at 3. As Plaintiff points out, the Court has previously instructed counsel in this case to confer by telephone (or in person), rather than through email alone, to attempt to resolve discovery disputes. *Id.* at 2; *see also* [Doc. 81] at 1–2. The Court therefore reminds all counsel that they must comply in good faith with the requirements of Local Rule 7.1(a) and the Court's instructions regarding meet-and-confer practices. Failure to do so may result in the summary denial of any motion failing to reflect a good-faith request for concurrence, or an award of attorney's fees to the prevailing party on a motion over which opposing counsel refused to confer in good faith.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Hidalgo Medical Services' Expedited Motion for Extension of Document Inspection Deadlines [Doc. 110] is **GRANTED**. Defendant's expert must return the day planner in a sealed envelope to defense counsel as soon as possible, but in any event no later than **June 29, 2018**. Defense counsel must deliver the day planner to Plaintiff's counsel, either by hand or through a commercial delivery service, no later than **July 6, 2018, at 5:00 p.m.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**