IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA LASSITER,

    Plaintiff,

v.                                                                           No. 17-cv-0850 JCH/SMV

HIDALGO MEDICAL SERVICES and
DAN OTERO,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION
## TO EXTEND DEPOSITION

THIS MATTER is before the Court on Defendants' Motion for Leave to Extend the Deposition of Veronica Lassiter Beyond Seven Hours [Doc. 106], filed on June 4, 2018. Plaintiff responded on July 2, 2018.[1] [Doc. 122]. Having considered the briefing,[2] relevant portions of the record, and relevant authorities, and being otherwise fully advised in the premises, the Court finds that Defendants' motion is well-taken and will be GRANTED.

### Background

The Court entered a Scheduling Order in this case on December 22, 2017. [Doc. 48]. Consistent with Fed. R. Civ. P. 30(d)(1), the Scheduling Order provides that depositions are limited to seven hours of questioning on the record, unless the parties agree to an extension. *Id.*

---

[1] Plaintiff's response to the motion was originally due by June 18, 2018. *See* D.N.M.LR-Civ. 7.4(a). When no response was filed by that date, the Court entered an order granting the motion pursuant to D.N.M.LR-Civ. 7.1(b). [Doc. 113]. Plaintiff subsequently filed an unopposed motion to vacate the Court's order, *see* [Doc. 116], indicating that the parties had stipulated to an extension of time for Plaintiff to file a response, though Plaintiff had not filed notice of such stipulation on the record. *See* D.N.M.LR-Civ. 7.4(a) ("For each agreed extension, the party requesting the extension must file a notice indicating the new deadline and the document (response or reply) to be filed."). The Court granted the motion, which allowed Plaintiff until July 2, 2018, to file her response. [Doc. 118].
[2] The time for Defendants to file a reply in support of their motion has not yet run. However, the Court finds that no reply is necessary to rule on the motion.

at 1. Counsel for Defendant Hidalgo Medical Services ("HMS") deposed Plaintiff on April 19, 2018, for approximately seven hours on the record. *See* [Doc. 106] at 1. However, counsel for HMS did not complete his questioning in that time, and counsel for Defendant Otero had no opportunity to question Plaintiff at all. At the conclusion of the day, defense counsel sought concurrence from Plaintiff's counsel to extend the deposition to a second day, beyond the allotted seven hours. *Id.* at 2. Plaintiff's counsel did not concur.

Accordingly, Defendants filed the instant motion requesting leave to extend Plaintiff's deposition for an additional day of questioning not to exceed four hours. Defendants contend that counsel for HMS need to complete their examination of Plaintiff, namely on the issues of damages and mitigation, and that counsel for Otero needs time to question Plaintiff separately. Defendants argue that additional time is warranted because (1) Plaintiff is a key witness and a large number of the factual allegations are uniquely within her knowledge; (2) the Complaint is lengthy and contains numerous complex allegations; (3) the two Defendants—HMS and Otero—have somewhat divergent interests, meriting separate questioning by counsel for Otero; (4) Defendants received Plaintiff's day planner after the deposition and should be permitted to question her about it; and (5) Plaintiff spent a significant amount of time during her deposition reviewing documents. [Doc. 106].

Plaintiff opposes the motion. Plaintiff contends that Defendants had sufficient time to complete the deposition but wasted much of it, spending, for example, "more than forty pages of deposition testimony" questioning her about the 2013 offer letter she received to become HMS Chief Operations Officer ("COO"), which Plaintiff contends is irrelevant to the case. [Doc. 122] at 4–5. Plaintiff further disputes Defendants' contention that HMS and Otero have divergent

2

interests, noting that Otero himself stated that their interests are "perfectly aligned." *Id.* at 5, 7–8. Moreover, Plaintiff points out that counsel for Otero attended the deposition and had the opportunity to question her. *Id.* at 6–7. Plaintiff disputes Defendants' argument that she spent inordinate time reviewing documents, pointing out, for example, that counsel for HMS specifically asked her to review her letter of dismissal and respond to its contents line by line. *Id.* at 9. Finally, Plaintiff suggests that Defendants made the strategic decision to depose her before receiving the full day planner. Plaintiff also points out that Defendants had relevant portions of the day planner in their possession and did in fact question Plaintiff about it. *Id.* at 9–10. Ultimately, Plaintiff argues that Defendants should not be permitted to walk back their strategic decisions regarding when to depose Plaintiff and how to allocate their time questioning her. *Id.* at 9–10.

## **Legal Standards**

Federal Rule of Civil Procedure 30(d)(1) limits the duration of any given deposition to one day of seven hours of questioning, unless otherwise agreed to by the parties or ordered by the Court. Rule 30(d)(1) further provides that the Court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment. In evaluating good cause, courts may consider a number of factors, including (1) whether the topic covers a significant period of time; (2) whether the witness will be questioned about numerous or lengthy documents; (3) whether documents were requested but not

3

produced; and (4) in multi-party cases, whether the parties have divergent interests. *Id.*; *see also George K. Baum Advisors LLC v. Sprint Spectrum, L.P.*, 2013 WL 3166335, at *2 (D. Kan. June 20, 2013) (unpublished).

## Analysis

The Court finds there is good cause to extend Plaintiff's deposition for an additional day of questioning, not to exceed four hours. Plaintiff is the principal witness in this case. And, notwithstanding Plaintiff's insistence that her allegations are simple and straightforward, the Complaint asserts twelve claims and exceeds forty pages in length. *See* [Doc. 1]. Defendants point out that Plaintiff's allegations span, among other things, "numerous instances [of] harassment, at least three separate internal investigations at HMS during her final year of employment, her termination, her purported comparators, and her damages." [Doc. 106] at 5. Defendants are entitled to additional time to complete their questioning of Plaintiff. *See Martinez v. Cornell Corr. of Tex., Inc.*, 229 F.R.D. 194, 197 (D.N.M. 2005) (the "volume of facts and issues" to be covered at a deposition may establish good cause to exceed the seven-hour limit).

Plaintiff urges that Defendants should not be given additional time to depose her because they wasted time during the first day of her deposition on "irrelevant topics," pointing in particular to an extensive line of questioning regarding her 2013 offer letter to become HMS COO and her duties as set out therein. [Doc. 122] at 5–6. Plaintiff suggests this line of questioning was irrelevant because Plaintiff was not terminated for inadequate performance of her job duties and Otero had given her a positive evaluation as recently as May 2016. *Id.* at 6. It is true that a party may not be entitled to extend a deposition where the additional questioning

would be cumulative or duplicative, or where counsel has wasted the time initially allotted. But the Court does not find evidence of that in the present circumstance. Questioning Plaintiff on her understanding and performance of her job duties was not an irrelevant detour in this employment action. Defendants have shown that an extension of the deposition is warranted to "fairly examine" Plaintiff.

The Court further finds that extension of the deposition is warranted to permit Defendants to question Plaintiff regarding her day planner, which they did not have when Plaintiff was first deposed. [Doc. 106] at 6. Defendants requested the whole day planner prior to the deposition. *Id.* Its production was ultimately the subject of a motion to compel. *See* [Doc. 102]. Defendants are entitled to additional time to question Plaintiff regarding the day planner now that it has been produced to them in full. Plaintiff suggests that Defendants made a strategic choice to depose Plaintiff before receiving the planner, and that they should be bound by that choice. But the Court will not fault Defendants for proceeding with the deposition before having the full day planner in their possession—particularly in this case, where the parties had a protracted dispute over the scheduling of depositions. *See* [Docs. 33, 81].

Finally, the Court finds that extension of the deposition is warranted to allow counsel for Otero to question Plaintiff. Defendants contend that, while their respective positions are "generally aligned," they do have somewhat divergent interests. [Doc. 106] at 5–6. Namely, HMS has asserted a "rogue manager" defense to Plaintiff's claim for punitive damages. A party may show good cause for extending a deposition where there are co-defendants with divergent interests. *See* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment; *Martinez*, 229 F.R.D. at 196 (extending the plaintiff's deposition where, among other things, there were

five defendants with "certain interest[s] that are potentially in conflict"). Plaintiff argues that Defendants' interests are one and the same. Plaintiff notes that Otero himself stated Defendants' interests are "perfectly aligned" and cites case law for the proposition that HMS cannot prevail on its purported "rogue manager" theory. [Doc. 122] at 5. Whatever the merits of HMS's "rogue manager" defense, Defendants' interests are potentially in conflict, and Otero's counsel is permitted to separately question Plaintiff as necessary.

Defendants are permitted to extend Plaintiff's deposition to an additional day not to exceed four hours of questioning. Defendants are cautioned against cumulative or duplicative questioning. *See* Fed. R. Civ. P. 26(b)(2); Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment ("[D]uplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest.").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion for Leave to Extend the Deposition of Veronica Lassiter Beyond Seven Hours [Doc. 106] is **GRANTED**. Defendants may extend the deposition of Plaintiff Veronica Lassiter for one additional day not to exceed four hours of questioning on the record.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**